BLANCHE, Judge.
Aetna Life Insurance Company, defendant-appellant, appeals from a judgment by the trial court ordering it to pay the plaintiff-appellee back payments due him and commence the monthly payments under a group long-term disability plan carried by the plaintiff-appellee’s employer.
The case turns upon the facts and expert opinion collected in four depositions and the testimony of two witnesses before the trial court as applied to the definitions of “reasonable occupation” and “total disability” as defined in the group policy.
The policy definitions are:
“(b) ‘Reasonable occupation’, as to any employee, means any gainful activity for which the employee is, or may reasonably become, fitted by education, training, or experience, but shall not mean any such activity if it is in connection with an approved rehabilitation program.
“(c) ‘Total disability’ or ‘totally disabled’ means, during the first twenty-four months of any period of disability, that the employee is unable, solely because of disease or injury, to work at his own occupation; and, thereafter during the continuance of such period of disability, that the employee is unable, solely because of disease or injury, to work at any reasonable occupation.” (Exhibit D-4, p. 6)
The question before the trial court was whether the plaintiff-appellee’s back condition was so disabling, in fact, as to meet the test under the “reasonable occupation” and “total disability” definitions. The answer to this question depends largely on the terms of the foregoing policy provisions defining the disability and the nature of plaintiff’s disability.
*1267 The evidence shows that the plaintiffs disability is of such a nature and degree that he cannot meet the reasonable demands of an employer who would otherwise consider the plaintiff as a prospective employee. The witnesses stated that because of his age, his necessity for frequent rest periods and other factors he is unemployable and cannot engage in any gainful occupation for which he is fitted by education, training and experience. Thus, we can only conclude that by the testimony we have reviewed, the plaintiff has proved his claim of total disability.
Absent a showing in the record of manifest error by the trier of fact, this Court will affirm the trial court’s factual determination.
The defendant-appellant is to pay all costs of this appeal.
AFFIRMED.